

FILED
2016 Mar-29  AM 11:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WILLIS JAMEL SWAIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) | CIVIL ACTION NO.: 1:15-cv-2300-VEH |
| AMERICAN METAL TECHNOLOGY, | ) ) ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

Plaintiff Willis Jamel Swain ("Swain") initiated this *pro se* action under Title VII of the Civil Rights Act of 1964 ("the Act") on December 21, 2015. (*See* Doc. 1). In his complaint, he moved, pursuant to section 706(f) of the Act, for leave to proceed *in forma pauperis*. The court denied the motion and ordered Swain to pay the filing fee in his case by January 23, 2016. (Doc. 2). On January 5, 2016, the court ordered Swain to file an amended complaint in conformity with Rules 8 and 10 of the Federal Rules of Civil Procedure within 45 days of the entry of that order. (Doc. 5). Swain was explicitly warned in the January 5 order that failure to comply with it could "result in this action being dismissed without prejudice, *sua sponte*." (*Id.* at 2).

Over eighty days have elapsed since then, and Swain has neither amended his complaint nor served his original complaint on Defendant American Metal

Technology. Accordingly, this case is due to be **DISMISSED WITHOUT PREJUDICE** for failure to comply with the court's January 5 order and for Swain's failure to prosecute his claim. *See* FED. R. CIV. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (district court has the inherent power to dismiss an action *sua sponte* for failure to prosecute).

"While dismissal is an extraordinary remedy, dismissal upon disregard of an order, <u>especially where the litigant has been forewarned</u>, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (emphasis added) (citing *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982)). Here, by virtue of the court's order requiring him to replead, Swain was expressly put on notice that the court would consider dismissing his lawsuit for lack of prosecution if he failed to timely and adequately comply, yet he ignored that warning and filed <u>nothing</u>. "[A] plaintiff who ignore[s] notices and orders of the court [is not] excused merely because of [his] *pro se* status." *Moon*, 863 F.2d at 838 n.5 (citing *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1169 (5th Cir. 1980));[1] *see also Moon*, 863 F.2d at 837 ("[O]nce a *pro se* IFP litigant is in court, he is subject to the

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

relevant law and rules of court, including the Federal Rules of Civil Procedure.").

Additionally, the court concludes that dismissing Swain's complaint against AMT "without prejudice" (as opposed to "with prejudice") is the most appropriate course of action, especially in light of the fact that Swain represents himself. *Cf. Phipps v. Blakeny*, 8 F.3d 788, 790-91 (11th Cir. 1993) ("When the record clearly demonstrates that a plaintiff deliberately and defiantly refused to comply with several court orders on discovery and tells the court that he will not comply in the future, a district judge has the authority to deny that plaintiff further access to the court to pursue the case."). In short, a dismissal "without prejudice" means that the merits of Swain's claims against AMT, if any, are not barred from further litigation by this order. Additionally, a dismissal "without prejudice" is consistent with the court's prior warning about the negative consequences of Swain's failure to replead his complaint as ordered.

The foregoing authorities reveal the propriety of the dismissal of this action. Therefore, it will be **DISMISSED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** this the 29th day of March, 2016.

                                                    **VIRGINIA EMERSON HOPKINS**
                                                    United States District Judge